IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00488-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    **MICHAEL IVORY COLLINS,**

       Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Jeremy Sibert, Assistant United States Attorney for the District of Colorado, and the defendant, MICHAEL IVORY COLLINS, personally and by counsel, Matthew Golla, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

## I. AGREEMENT

The defendant agrees to plead guilty to the Indictment charging the crime of possession of firearms by a prohibited person in violation of 18 U.S.C. § 922(g)(1).

The United States of America and the defendant also agree that any referenced property subject to forfeiture under 18 U.S.C. § 924(d), referenced property, to wit: Intratec, model TEC22, .22 caliber pistol currently in the custody and/or control of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), were properly seized and that such property constitutes evidence, contraband, and fruits of the crime to which the defendant is pleading guilty. As such, the defendant hereby relinquishes all claims, title



Court Exhibit 1

and interest the defendant has in such referenced property to the United States of America with the understanding and consent that the ATF, or other appropriate agency, will cause the property described to be destroyed forthwith without further obligation or duty whatsoever owing to the defendant or any other person.

As a part of the plea agreement in this case, the defendant hereby states under penalty of perjury that the defendant was the sole and rightful owner of the previously referenced property, and the defendant hereby voluntarily abandons all right and claim to this property.

Provided the defendant does nothing inconsistent with accepting responsibility between the date of his change of plea and his date of sentencing the government agrees it will recommend the defendant receive a full downward adjustment for acceptance of responsibility, and that the defendant be sentenced in the advisory guideline range.

There is no other agreement/s with respect to this plea agreement and sentencing.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

In order to be convicted of a violation of 18 U.S.C. § 922(g)(1) the following elements would have to be proven beyond a reasonable doubt to a jury's unanimous satisfaction:

1. The defendant knowingly possessed a firearm or ammunition;
2. The defendant was convicted of a felony, that is a crime punishable by

imprisonment for a term exceeding one year, before he possessed the firearm or ammunition;

3. Before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

These elements were taken from the Tenth Circuit Pattern Criminal Jury Instructions, § 2.44.

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is: not more than 120 months (10 years) imprisonment; not more than $250,000.00 fine, or both; not more than 3 years supervised release; $100.00 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the

defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is October 30, 2013.

The parties agree as follows:

On October 30, 2013, Denver Police Officers saw the defendant riding a bicycle with no lights as required by law and pass through a red light at Park Avenue without stopping in Denver, Colorado. The officers activated their emergency lights and ordered the defendant to stop and get off the bicycle. Defendant Collins did not stop as required and began to flee on the bike. Denver Police officers began a chase after the defendant, who continued to flee several blocks. Eventually, defendant Collins was taken into custody where the officers that caught him noticed that he was no longer wearing his backpack.

Officers traced back to the area where the defendant jumped off his bike and flee

by foot. Witnesses contacted the officers and informed them that the defendant had thrown his backpack over a school yard fence. The officers located the backpack and inside the pack officers located a loaded Intratec, model TEC22, .22 caliber pistol with an obliterated serial number. Defendant Collins knowingly possessed the Intratec .22 caliber pistol after obtaining a felony conviction. Ten rounds of ammunition were located in the pistol's magazine.

The defendant's prior convictions include;

1. Second Degree Burglary of a Building, a class 4 felony in Denver District Court and received a four year sentence.

The parties agree that the firearm and ammunition were not manufactured in the State of Colorado and therefore traveled in interstate commerce. The firearm was tested by an ATF agent and found to function as designed.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.    The base guideline is § 2K2.1(a)(4), with a base offense level of 20.

    B.    If the firearm hand an obliterated serial number increase by 4 levels.

C. There are no victim-related, role-in-offense, obstruction and/or multiple-count adjustments.

D. The adjusted offense level therefore would be 24.

E. The parties believe, at this juncture that the defendant should receive a full 3 level downward adjustment for acceptance of responsibility. The resulting offense level therefore would be 21.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be IV.

G. The career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. The advisory guideline range resulting from these calculations is 57-71 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 37 months (bottom of Category I) to 96 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

I. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $7,500.00 to $75,000.00, plus applicable interest and penalties.

J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is at least 2 years, but not more than 3 years.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor

the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 2/27/14

MICHAEL IVORY COLLINS
Defendant

Date: 2/27/14

MATTHEW GOLLA
Attorney for Defendant

Date: 3/10/14

JEREMY SIBERT
Assistant U.S. Attorney