IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00488-WJM

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

1. **MICHAEL IVORY COLLINS,**

      **Defendant.**

---

## UNITED STATES' SENTENCING STATEMENT

---

The United States, through its representative Jeremy Sibert, Assistant United States Attorney for the District of Colorado, hereby submits this Sentencing Statement

The Supreme Court stated in *United States v. Booker*, 543 U.S. 220 (2005) that the guidelines were not mandatory in nature but advisory. However, the Court did state that the sentence imposed by a district court must be reasonable in nature. *Id.* In *Gall v. United States*, 552 U.S. 38, (2007), the Court stated that the advisory guidelines are the "starting point and initial benchmark" for issuing a sentence on a defendant. To impose a sentence below (or above) the Guideline range, the Court needs to find something "sufficiently compelling." *Gall* at 50. Also, the sentencing court should consider all of the factors of 18 U.S.C. § 3553(a) in determining whether to support either party's proposal for a requested sentence. *Id.*

Title 18, United States Code, Section 3553 states that the sentencing court shall impose a sentence sufficient, but not greater than necessary to: (A) to reflect the

1

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Also, the sentencing court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant, the types of sentences available, the sentencing range established for the applicable category of offense committed by the defendant, any pertinent policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553.

In addition, Congress stated that the primary purpose within 18 U.S.C. § 3553 was the elimination of sentencing disparity between defendants that had committed similar crimes. See S. REP. No. 98-225 (1983), *as reprinted* in 1984 U.S.C.C.A.N., 3182, 3235. The primary purpose of the 1984 Sentencing Reform Act was to ensure that the sentence adequately reflected the harm done and achieve the public's interest in deterrence. S. REP. No. 98-255 (1983), *as reprinted* in 1984 U.S.C.C.A.N., 3182, 3259.

In this case, the government believes that the primary purpose behind the 1984 Sentencing Reform Act of deterring specific criminal conduct is the key component to sentencing defendant Collins to 70 months of imprisonment. Defendant Collins' criminal conduct of possessing a loaded firearm places the public in danger; in this case the firearm was left on the property of a school, and his disrespect for the law. Sadly, this is not defendant Collins first time in trouble with the law. As a juvenile defendant Collins

was guilty of harassment-strike/shove/kick misdemeanor, felony menacing-real/simulated weapon, controlled substance-possess schedule 5, and aggravated robbery felony juvenile. It is obvious that defendant Collins does not respect the law and is not being deterred to obey the law by his past punishments, which included a 4 year imprisonment sentence.

The facts of the case show that officers activated their emergency lights and ordered the defendant to stop and get off the bicycle. Defendant Collins did not stop as required and began to flee on the bike. Denver Police officers began a chase after the defendant, who continued to flee several blocks. Eventually, defendant Collins was taken into custody where the officers that caught him noticed that he was no longer wearing his backpack.

Officers traced back to the area where the defendant jumped off his bike and flee by foot. Witnesses contacted the officers and informed them that the defendant had thrown his backpack over a school yard fence. The officers located the backpack and inside the pack officers located a loaded Intratec, model TEC22, .22 caliber pistol with an obliterated serial number. Defendant Collins knowingly possessed the Intratec .22 caliber pistol after obtaining a felony conviction. Ten rounds of ammunition were located in the pistol's magazine.

There is no reason for defendant Collins to ever possess a loaded firearm. Clearly, his criminal history shows signs of violent behavior and drug use. A prior felon who has a history of drug use and violent behavior should be deterred never to possess a firearm since it clearly endangers the public. Furthermore, the defendant was on probation for his prior criminal offense in the past case and received an additional two

levels under section 4A1.1 (d) of the guidelines.   Courts have held that it is not improper double counting to count a defendant's possession of a firearm, first as the basis for sentencing him under § 2K2.1, second as a basis for two criminal history points under § 4A1.1(d).  *See United States v. Phillips*, 506 F.3d 685 (8th Cir. 2007) (noting that application note expressly states that "prior felony convictions(s) resulting in an increased base offense level under 2K2.1 (a) are also counted for purposes of determining criminal history points.)

    Defendant Collins was a twenty two year old adult who already had been in trouble with the law on at least four prior occasions before illegally possessing a loaded firearm. He does not recognize or obey the legal authorities clearly seen in this case when he fled from the police.   Because of the seriousness of this crime, the danger that the defendant placed the public in, the need to deter the use and possession of firearms of prior felons and gang related type activities, and the need for respecting the law, the government recommends 70 months for this defendant.   Defendant Collins has not shown in the past that he will respect the law and nothing in this case shows that he will obey the law in the future.   A sentence of 70 months will hopefully deter the defendant from violating any laws in the future and ensure the public's safety.

    Dated this 23rd day of August 2014

    Respectfully submitted,

    JOHN WALSH
    United States Attorney


    */s/ JEREMY SIBERT*
    Jeremy Sibert
    Assistant U.S. Attorney

1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
(303) 454-0100
FAX: (303) 454-0403
Email: jeremy.sibert@usdoj.gov
Attorney for the government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of August 2014, I electronically filed the foregoing **UNITED STATES' SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Matt Golla
Attorney for the Defendant

                                        *s/Jeremy Sibert*
                                        JEREMY SIBERT
                                        Assistant United States Attorney
                                        1225 Seventeenth Street, Suite 700
                                        Denver, Colorado 80202
                                        Telephone: (303) 454-0100
                                        Facsimile: (303) 454-0406
                                        Jeremy.Sibert@usdoj.gov