CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. MICHAEL IVORY COLLINS                                   DKT. NO. 1:13CR00488-1

### SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Laura D. Ansart, Supervisory United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Michael Ivory Collins, who was placed on supervision by the Honorable William J. Martinez, sitting in the United States District Court in Denver, Colorado, on August 26, 2014.  The defendant was sentenced to 39 months imprisonment and 3 years supervised release for an offense of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Supervision commenced on April 19, 2017, and is set to expire on April 18, 2020.  As noted in the judgment [Document 37] and Petition to Modify Conditions of Supervised Release [Document 39], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1. VIOLATION OF LAW**

On or about December 4, 2017, the defendant committed Capital Murder (3 counts), in violation of Arkansas Code § 5-10-101.  These charges are crimes of violence and punishable by death or life imprisonment without parole, and are therefore Class A violations of supervised release.

According to the Little Rock Police Department Incident Report (Incident Number 2017-152712), on December 5, 2017, at approximately 2:04 p.m., officers responded to the residence of Mariah Cunningham, after her grandmother requested a welfare check as she had not been able to get in contact with Ms. Cunningham.  Upon arrival, officers located Ms. Cunningham, along with her two minor children, deceased.  Homicide detectives then responded and began an investigation.  The incident date is estimated to be December 4, 2017.  On January 11, 2018, a warrant affidavit was filed in this case, alleging that the defendant committed three counts of Capital Murder.  The warrant remains outstanding.

Case 1:13-cr-00488-WJM   Document 51   Filed 01/17/18   USDC Colorado   Page 2 of 5

Michael Ivory Collins  
1:13CR00488-1

Superseding Petition Due to Violations of Supervision  
Page 2

January 17, 2018

## 2. VIOLATION OF LAW

On or about June 22, 2017, the defendant committed Attempted Aggravated Robbery-Menace Victim with a Weapon (Class 4 felony), in violation of Colorado Revised Statutes § 18-4-302(1)(b), Felony Menacing-Real/Simulated Weapon (Class 5 felony), in violation of Colorado Revised Statutes § 18-3-206(1)(a)/(b), Weapon Possession by a Previous Offender-Burglary, Arson or any Felony Involving the Use of Force or the Use of a Deadly Weapon (Class 5 felony) in violation of Colorado Revised Statutes § 18-12-108(1),(2)(c), Weapon Possession by a Previous Juvenile Offender-Any Prior Felony (Class 6 felony) in violation of Colorado Revised Statutes § 18-12-108(3) and Weapon Possession by a Previous Offender-Any Prior Felony (Class 6 felony), in violation of Colorado Revised Statutes § 18-12-108(1).  Attempted Aggravated Robbery and Felony Menacing are crimes of violence, and therefore are Grade A violations of supervised release.  The remaining offenses are Class B violations of supervised release.

According to the Greenwood Village Police Department Offense/Incident Report, on June 22, 2017, at approximately 1:37 p.m., officers responded to a construction site following a reported menacing with a firearm.  Officers contacted the alleged victim Joseph Stubhaus, who reported that the defendant came to the jobsite asking that he verify the defendant's employment with the Probation Office.  Mr. Stubhaus stated that during this conversation, he noticed a firearm in the defendant's waistband, and then the defendant pulled the firearm from his waistband and demanded that he empty his pockets in an attempt to rob him.  Mr. Stubhaus reported that the defendant was holding the firearm in his right hand, and that he grabbed the defendant's right wrist and began to wrestle with him for control of the firearm.  During this time, another coworker, Shannon Crain, responded to the commotion.  Mr. Stubhaus advised that he verbally warned Mr. Crain about the firearm by yelling, "Help, he's got a gun!" Mr. Stubhaus stated that the defendant pointed the firearm at Mr. Crain's head, as well as Mr. Stubhaus' chest.  During the struggle, Mr. Stubhaus stated he was able to push the defendant out the door, and that Mr. Crain then slammed the door shut and immediately locked it so that the defendant could not make reentry.  The defendant then fled on foot.  Officers were able to make contact with the defendant telephonically after the incident and asked that he come in for questioning; however, the defendant hung up and would not answer subsequent calls or texts from officers.  A felony complaint and warrant were later filed on July 25, 2017, in Arapahoe County District Court, Case Number 17CR2124.  The warrant remains outstanding.

## 3. FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER

On or about June 22, 2017, the defendant was contacted by Commander Dustin Varney from the Greenwood Village Police Department, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

Case 1:13-cr-00488-WJM   Document 51   Filed 01/17/18   USDC Colorado   Page 3 of 5

| | | |
|---|---|---|
| Michael Ivory Collins<br>1:13CR00488-1 | Superseding Petition Due to Violations of Supervision<br>Page 3 | January 17, 2018 |

On June 22, 2017, at approximately 1:55 p.m., I received an ATLAS notification that the Greenwood Village Police Department had run a query on the defendant. I called the Greenwood Village Police Department to inquire about the reason for this query and was advised that they were investigating a reported menacing with a firearm incident that had just occurred, in which the defendant was the suspect. I was subsequently advised that Commander Dustin Varney contacted the defendant telephonically to question him about the incident and request a meeting for further questioning; however, the defendant hung up on him approximately five minutes into the conversation. Further attempts to contact the defendant telephonically were unsuccessful. The defendant failed to report this questioning by law enforcement within 72 hours as required. According to Detective Steve Roman with the Greenwood Village Police Department, formal charges will be filed in the near future.

### 4.  FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE

On or about June 22, 2017, the defendant moved from his residence at 4815 S. Nucla Way, Aurora, Colorado, and failed to notify the probation officer of this change within 72 hours which constitutes a Grade C violation of supervised release.

On June 27, 2017, I conducted a field visit at the defendant's residence and was advised by the defendant's roommate's minor daughter (age 17), that the defendant was no longer residing at the residence following attempts by law enforcement to contact him at the residence on June 22, 2017. On June 28, 2017, I spoke telephonically with the defendant's roommate, Plezhette Dudley, who confirmed that the defendant had not returned to the residence following an attempt by law enforcement to contact him there on June 22, 2017. She further stated that she is fearful of the defendant, and will not allow him to return to the residence in the future. I have made multiple attempts to contact the defendant telephonically to determine his whereabouts; however, the defendant has not answered and his voicemail has not been set up.

### 5.  FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER

On or about June 22, 2017, the defendant was instructed by the probation officer to report to the probation office to submit to a urinalysis, and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

On June 22, 2017, at approximately 7:55 a.m., the defendant left me a voicemail message requesting a return call regarding obtaining permission to travel to Illinois to attend his father's memorial service. At approximately 10:20 a.m., I conducted a field visit at the defendant's residence to discuss this request. During this field visit, I observed two small "shooter" bottles of Crown Royal whiskey and an empty medical marijuana container on top of a cabinet in the defendant's bedroom. The defendant is prohibited from using alcohol while in a program of testing and treatment for substance abuse, and he is also prohibited from using marijuana. The defendant denied that these items belonged to him, and stated that they belonged to his roommate. Given the concern regarding these items, as well as recent missed urinalyses, I instructed the

Case 1:13-cr-00488-WJM   Document 51   Filed 01/17/18   USDC Colorado   Page 4 of 5

Michael Ivory Collins  
1:13CR00488-1

Superseding Petition Due to Violations of Supervision  
Page 4

January 17, 2018

defendant to report the probation office prior to 4:30 p.m. to submit to a urinalysis. The defendant failed to report to the probation office as instructed.

### 6. FAILURE TO PARTICIPATE IN (SUBSTANCE ABUSE OR MENTAL HEALTH) TREATMENT AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to keep counseling appointments at Independence House East, the testing and treatment program in which the probation officer directed him to participate on June 12 and 22, 2017. This constitutes a Grade C violation of supervised release.

I received notifications that the defendant failed to attend scheduled appointments for individual dual diagnosis therapy sessions as directed at Independence House East on June 12 and 22, 2017.

Regarding the missed session on June 12, 2017, the defendant stated that he had just started new employment, and was unable to attend the session. I verbally admonished the defendant, and reminded him of the importance of attending all scheduled treatment services. It should be noted that the defendant has expressed resistance to attending mental health treatment from the onset of supervision.

Regarding the missed session on June 22, 2017, I received information from the defendant's therapist that the defendant called approximately 10 minutes before his scheduled appointment time of 2:00 p.m., asking if he could be late for the appointment. The defendant's therapist advised him that he could not see him any later than his scheduled appointment time. The defendant failed to appear for the appointment as scheduled. It should be noted that during a field visit conducted at the defendant's residence on this date at approximately 10:20 a.m., I instructed the defendant not to miss this scheduled appointment.

### 7. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Independence House East, the testing and treatment program in which the probation officer directed him to participate, on June 8 and 20, 2017. This constitutes a Grade C violation of supervised release.

I received notifications that the defendant failed to provide urine samples as directed at Independence House East on June 8 and 20, 2017.

Regarding the missed urinalysis on June 8, 2017, the defendant advised that he failed to submit the urinalysis as required due to his work schedule. I had not received notification of the missed urinalysis on June 20, 2017, prior to meeting with him on June 22, 2017, and therefore did not have an opportunity to address this issue.

## RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 41] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Laura D. Ansart*
Laura D. Ansart
Supervisory  United States Probation Officer
Place:   Denver
Date:    January 17, 2018

*s/Edgar T. Ruiz*
Edgar T. Ruiz
Supervisory United States Probation Officer
Place:   Denver
Date:    January 17, 2018

### PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade A violation.  The defendant's criminal history is a Category V, which results in an advisory guideline range for revocation is 30 to 37 months; however, the guideline term is 24 months pursuant to §7B1.4(b)(1).